## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALTEC INDUSTRIES, INC., ALTEC, INC. and J.J. KANE ASSOCIATES, INC., d/b/a J.J. KANE AUNCTIONEERS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No.: 3:19-cv-01227-NJR-MAB |
| BIG D ELECTRIC, INC., n/k/a K D BREWER ENTERPRISES, INC., BIG D RIGHT OF WAY SERVICES, INC., n/k/a D L BREWER ENTERPRISES, INC., DANIEL BREWER, KENT BREWER, DANA BREWER and VICKI COOK | ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COME the Defendants, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., Daniel Brewer, Kent Brewer, Dana Brewer and Vicki Cook, by and through their attorney, Mark S. Johnson of Johnson, Schneider & Ferrell, L.L.C., and for their Answer to First Amended Complaint filed herein by the Plaintiffs, states as follows:

1.      Defendants admit the allegations contained in paragraph 1 of Plaintiffs First Amended Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiffs First Amended Complaint.

3.      Defendants admit the allegations contained in paragraph 3 of Plaintiffs First Amended Complaint.

4.      Defendants admit that Plaintiffs are bringing this lawsuit alleging fraud but none of the other remaining allegations contained in paragraph 4 of Plaintiffs First Amended Complaint.

5.      Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 5 of Plaintiffs First Amended Complaint.

6.      Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 6 of Plaintiffs First Amended Complaint.

7.      Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 7 of Plaintiffs First Amended Complaint.

8.      Defendants admit the allegations contained in paragraph 8 of Plaintiffs First Amended Complaint.

9.      Defendants admit the allegations contained in paragraph 9 of Plaintiffs First Amended Complaint.

10.      Defendants admit the allegations contained in paragraph 10 of Plaintiffs First Amended Complaint.

11.      Defendants admit the allegations contained in paragraph 11 of Plaintiffs First Amended Complaint.

12.      Defendants admit the allegations contained in paragraph 12 of Plaintiffs First Amended Complaint.

13.      Defendants deny the allegations contained in paragraph 13 of Plaintiffs First Amended Complaint.

14.     Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 14 of Plaintiffs First Amended Complaint.

15.     Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 15 of Plaintiffs First Amended Complaint.

16.     Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 16 of Plaintiffs First Amended Complaint.

17.     Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 17 of Plaintiffs First Amended Complaint.

18.     Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 18 of Plaintiffs First Amended Complaint.

19.     Defendants admit the allegations contained in paragraph 19 of Plaintiffs First Amended Complaint.

20.     Defendants admit the allegations contained in paragraph 20 of Plaintiffs First Amended Complaint.

21.     Defendants admit the allegations contained in paragraph 21 of Plaintiffs First Amended Complaint.

22.     Defendants admit that they entered into an Asset Purchase Agreement as alleged but has insufficient information to neither admit nor deny the remaining allegations in paragraph 22 of Plaintiffs First Amended Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of Plaintiffs First Amended Complaint.

3

24.     Defendants admit the allegations contained in paragraph 24 of Plaintiffs First Amended Complaint.

25.     Defendants admit that the Buyers paid a sum at closing in excess of $75,000.00 but deny the remaining allegations contained in paragraph 25 of Plaintiffs First Amended Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of Plaintiffs First Amended Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of Plaintiffs First Amended Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of Plaintiffs First Amended Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiffs First Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiffs First Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiffs First Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiffs First Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiffs First Amended Complaint.

34.    Defendants deny the allegations contained in paragraph 34 of Plaintiffs First Amended Complaint.

35.    Defendants admit the allegations contained in paragraph 35 of Plaintiffs First Amended Complaint.

36.    Defendants admit the allegations contained in paragraph 36 of Plaintiffs First Amended Complaint.

37.    Defendants admit the allegations contained in paragraph 37 of Plaintiffs First Amended Complaint.

38.    Defendants admit the allegations contained in paragraph 38 of Plaintiffs First Amended Complaint.

39.    Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 39 of Plaintiffs First Amended Complaint.

40.    Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 40 of Plaintiffs First Amended Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of Plaintiffs First Amended Complaint.

42.    Defendants have insufficient knowledge to neither admit nor deny the allegations contained in paragraph 42 of Plaintiffs First Amended Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of Plaintiffs First Amended Complaint.

44.     Defendants repeat and reallege herein their answers to paragraphs 1-43 of Plaintiffs First Amended Complaint as more fully set forth herein.

45.     Defendants admit the allegations contained in paragraph 45 of Plaintiffs First Amended Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiffs First Amended Complaint.

47.     Defendants admit the allegations contained in paragraph 47 of Plaintiffs First Amended Complaint.

48.     Defendants admit the allegations contained in paragraph 48 of Plaintiffs First Amended Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiffs First Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiffs First Amended Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiffs First Amended Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiffs First Amended Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiffs First Amended Complaint.

54.     Defendants admit the allegations contained in paragraph 54 of Plaintiffs First Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiffs First Amended Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiffs First Amended Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiffs First Amended Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiffs First Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiffs First Amended Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiffs First Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiffs First Amended Complaint.

WHEREFORE,  the Defendants, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., Daniel Brewer, Kent Brewer, Dana Brewer and Vicki Cook, pray that judgment be entered in their favor and against the Plaintiffs for the Defendants cost of suit.

62.     Defendants repeat and reallege herein their answers to paragraphs 1-61 of Plaintiffs First Amended Complaint as more fully set forth herein.

63.     Defendants admit the allegations contained in paragraph 63 of Plaintiffs First Amended Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiffs First Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiffs First Amended Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiffs First Amended Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiffs First Amended Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of Plaintiffs First Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of Plaintiffs First Amended Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of Plaintiffs First Amended Complaint.

8

71.    Defendants deny the allegations contained in paragraph 71 of Plaintiffs

First Amended Complaint.

WHEREFORE,  the Defendants, Big D Electric, Inc., n/k/a K D Brewer

Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc.,

Daniel Brewer, Kent Brewer, Dana Brewer and Vicki Cook, pray that judgment be

entered in their favor and against the Plaintiffs for the Defendants cost of suit.


JOHNSON, SCHNEIDER & FERRELL, L.L.C.


_/s/Mark S. Johnson_____
MARK S. JOHNSON

MARK S. JOHNSON
JOHNSON, SCHNEIDER & FERRELL, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
Telephone: 573-335-3300
Facsimile: 573-335-1978
mark@johnsonschneider.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing pleading was filed electronically on the 11th day of December, 2019 with the Clerk of the Court. Notice of this filing will be sent by e-mail to the below attorneys of record by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Mary Anne Mellow
Timothy C. Sansone
Zachary S. Merkle
Sandberg, Phoenix & Von Gontard, P.C.
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1313
mmellow@sandbergphoenix.com
tsansone@sandbergphoenix.com
zmerkle@sandbergphoenix.com

Robert H. Hood
Robert H. Hood, Jr.
James Hood
Hood Law Firm, LLC
172 Meeting Street
Charleston, SC 29401
bobby.hood@hoodlaw.com
bobbyjr.hood@hoodlaw.com
james.hood@hoodlaw.com

*/s/ Mark S. Johnson*_____
MARK S. JOHNSON